<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

KELLY LYDON-KELLY,

      Plaintiff,

      v.

HILTON HOTELS, *et al.*,

      Defendants.

No. 20cv19963 (EP) (AME)

**OPINION**

**PADIN**, **District Judge.**

    This is a premises liability action.  Plaintiff Kelly Lydon-Kelly alleges that on December 10, 2019, a planter fell on her foot while she stood outside a Parsippany, New Jersey hotel (the "Hotel") owned and operated by Defendants Hilton Hotels and related entities (collectively "Hilton").  Hilton moves for summary judgment, arguing that it had no actual or constructive notice that the planter posed any hazard.  Because the record supports that argument, the Court will **GRANT** the motion and **DISMISS** the Complaint.[1]

**I.  BACKGROUND**[2]

    **A.  The Incident**

    On December 10, 2019, Plaintiff was a guest at the Hotel, located at 1 Hilton Court, Parsippany, New Jersey.  Hilton Facts ¶ 1.  Plaintiff returned to the Hotel from a meeting at about

---

[1] The Court decides the motion without oral argument.  Fed. R. Civ. P. 78; L.Civ.R.78(b).

[2] This section is based upon the parties' statements and responsive statements of facts, viewing the evidence in the light most favorable to the non-movant (Plaintiff) and noting specific material disputes where they arise.  Except where noted, the Court relies primarily upon the following:

- "Hilton Facts" – Hilton's Statement of Undisputed Material Facts.  D.E. 35-2.
- "Pl. Resp. Facts" – Plaintiff's Response to Statement of Undisputed Material Facts.  D.E. 36-3.
- "Pl. Facts" – Plaintiff's Statement of Undisputed Material Facts.  D.E. 36-4.

4 p.m.  *Id.* ¶ 8.  Plaintiff had an alcoholic beverage between 4 and 5 p.m. but had not yet eaten dinner.  *Id.* ¶¶ 9-10.  Plaintiff had a virtual meeting with her employer that lasted about an hour. *Id.* ¶ 11.

After the meeting, which "didn't go well," Plaintiff "want[ed] to smoke."  *Id.* ¶ 12.  At that time, Plaintiff smoked at least one-half to one pack of cigarettes per day.  Pl. Resp. Facts ¶ 4; Pl. Dep. 27:1-6.[3]  Between 6 and 6:15 p.m. that evening, Plaintiff exited through the lobby's automatic double doors, and walked to the covered breezeway to smoke.  Hilton Facts ¶ 13.  Earlier that day, Plaintiff had smoked in that area without incident.  *Id.* ¶ 17.

When Plaintiff exited, it was raining and windy.  *Id.* ¶ 20.  Though Plaintiff was aware that "they ask you to stay as far away from the doors as possible, . . . because the rain was coming in kind of sideways, . . . [she] probably didn't follow the rules that much of staying clear of the front doors."  Pl. Dep. at 37:13-20.

On either side of the entrance were multiple planters about three feet wide, two feet high, and one foot deep.  Hilton Facts ¶ 18.[4]  While Plaintiff stood about two feet away with her back to the planters, one of the planters fell and struck the back of her left knee and calf.  *Id.* ¶¶ 21-22.  As Plaintiff turned around, the planter continued downward and landed on her left foot.  *Id.* ¶ 22. Plaintiff took the following photo (D.E. 36-2 at 277):

---

[3] September 27, 2022 deposition of Plaintiff, Ex. D. to Certification of Brian Couch ("Couch Certif.").  D.E. 35-3 at 26.

[4] Plaintiff disputes Hilton's characterization of the planters' dimensions and weight without further explanation or contradictory evidence.  *Compare* Hilton Facts ¶¶ 15, 18, *with* Pl. Resp. Facts ¶¶ 15, 18.  But the record, including photos of the planters, support Hilton's characterization.  D.E. 37-2 at 272, 273; *see also* Pl. Dep. 47:7-12 (testifying that she stood two feet away when it fell on the back of her leg); Pl. Facts ¶ 16 (citing Hosey's testimony that planters were "waist high").



The adjacent planter was still upright.  Hilton Facts ¶ 46.  There was no surveillance of the incident.  *Id.* ¶ 28.

Plaintiff went inside and reported the incident to Hilton staff.  *Id.* ¶ 31.  The staff provided Plaintiff with ice and completed a report.  *Id.* ¶ 32.  Plaintiff declined medical assistance at that time, and did not see a health care professional until the next day.[5]  *Id.* ¶¶ 36, 42.  By the time Hilton staff investigated, the planter was back in its upright position.  *Id.* ¶ 37.  The planters are no longer at the Hilton.  *Id.* ¶ 38.

The parties dispute the reason that the planter fell over.  According to Plaintiff, a gust of wind caused the planter to fall.  *Id.* ¶ 24.  According to Hilton's forensic engineering expert Walter Wysowaty, the wind was blowing in the opposite direction, toward the hotel entrance; thus, the likeliest explanation was that Plaintiff leaned against the planter and knocked it over.  *Id.* ¶¶ 44-45; D.E. 45-3 at 306, 308 (Ex. H to Couch Certif., "Hilton Report").  Plaintiff denies any contact with the planter before it fell over.  Pl. Facts ¶ 6; Pl. Dep. at 47:15-19.

---

[5] The treating physician advised Plaintiff that her foot was not broken.  *Id.* ¶ 43.

The Hotel's premises were inspected by Hilton representatives twice per year.  Pl. Facts ¶ 15.  The Hotel had maintenance staff responsible for the outside of the building.  *Id.* ¶ 14.  From time to time, Hilton's general manager Jon Hosey would periodically realign planters, which were unsecured, that had moved.  Opp'n at 14 (citing Hosey Dep.[6] 36-37).

### B.  This Action and Motion

Plaintiff filed a premises liability action against Hilton in New Jersey Superior Court, Morris County.  *See* D.E. 1 ("Compl.").  Hilton removed the matter to this Court and answered.[7] D.E.s 1, 2.

After discovery, Hilton filed this motion for summary judgment.  D.E. 35 ("Mot.").  Plaintiff opposes.  D.E. 36 ("Opp'n").  Hilton replies.  D.E. 37 ("Reply").

## II.  LEGAL STANDARD

A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A fact is material if it "might affect the outcome of the suit under the governing law[,]" and a dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party has the initial burden of showing the basis for its motion and demonstrating that there is no genuine issue of material fact.  *See Celotex Corp. v. Catrett*, 477

---

[6] Hosey's June 16, 2022 deposition, Ex. E. to Couch Certif.  D.E. 36-2 at 166.

[7] This Court has diversity jurisdiction.  Plaintiff is domiciled in Pennsylvania, the various Defendant entities are Delaware or Texas companies, and the amount in controversy as of the time the Complaint was filed appears to be greater than $75,000.  D.E. 1 at 3-4, ¶¶ 8-20, Compl. ¶¶ 14-18; *Lyons v. Costco Wholesale Corp.*, Civil Action No. 19-17051, 2019 U.S. Dist. LEXIS 183649, at *4 (D.N.J. Oct. 22, 2019) (finding that allegations of permanent disability and future medical expenditures could satisfy amount in controversy requirement).

U.S. 317, 323 (1986).  The moving party must cite specific materials in the record.  Fed. R. Civ. P. 56(c)(1)(A).

If the moving party adequately supports its motion, then the burden shifts to the nonmoving party to "go beyond the pleadings" and identify specific facts in the record that demonstrate a genuine dispute for trial exists.  *Celotex Corp.*, 477 U.S. at 324 (internal quotation marks omitted).  Specifically, the nonmoving party must identify specific facts and affirmative evidence that contradict the moving party.  *Anderson*, 477 U.S. at 250.  If the nonmoving party fails to provide such evidence, or where the "evidence is merely 'colorable' or is 'not significantly probative,' the court may grant summary judgment."  *Messa v. Omaha Prop. & Cas. Ins. Co.*, 122 F. Supp. 2d 523, 528 (D.N.J. 2000) (quoting *Anderson*, 477 U.S. at 249-50).  However, "[i]f reasonable minds could differ as to the import of the evidence," summary judgment is inappropriate.  *Anderson*, 477 U.S. at 250-51.

In reviewing a motion for summary judgment, a court "may not make credibility determinations or engage in any weighing of the evidence; instead, the nonmoving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'"  *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (quoting *Anderson*, 477 U.S. at 255).  But even if material facts remain disputed, if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case[,]" then there is "no genuine issue as to any material fact[,]" and summary judgment is appropriate.  *Celotex Corp.*, 477 U.S. at 322.

## III.    ANALYSIS

Hilton makes two substantive arguments for dismissal.  First, Hilton argues that Defendants had neither actual nor constructive notice of the alleged dangerous condition that caused Plaintiff's

injuries.  Mot. at 6.  Second, Hilton argues that Plaintiff is barred from recovery because her own negligence was the primary cause of her injury.  *Id.* at 12.  As detailed below, the Court agrees with Hilton's first point, rendering Hilton's second point moot.[8]

Under New Jersey law, in negligence cases, the "plaintiff must establish that defendant breached a duty of reasonable care, which constituted a proximate cause of plaintiff's injuries." *Keith v. Truck Stops Corp.*, 909 F.2d 743, 745 (3d Cir. 1990) (citing *Brown v. Racquet Club of Bricktown*, 95 N.J. 280 (1984)).  "The proprietor of a business 'owes a duty of reasonable care to those who enter the premises upon [an] invitation [for business purposes] to provide a reasonably safe place to do that which is within the scope of the invitation.'" *Id.* (quoting *Butler v. Acme Mkts., Inc.*, 89 N.J. 270, 275 (1982)).

But the duty of reasonable care has limits.  Specifically, a landowner must only guard against any dangerous conditions that the owner either knows about or should have discovered, and conduct a reasonable inspection to discover latent dangerous conditions.  *Hopkins v. Fox & Lazo Realtors*, 132 N.J. 426, 434 (1993).  Additionally, "[n]ot every property condition on which persons can hurt themselves is unreasonably dangerous or hazardous.  If ordinary persons who are likely to encounter a condition may be expected to take reasonable care without further warnings, and if the condition is plainly visible with no unusual features and in a place where they would naturally look for it, then the condition is not unreasonably dangerous." *Braboy v. United States*, No. 16-3105, 2018 U.S. Dist. LEXIS 71636, at *13 (D.N.J. Apr. 30, 2018) (quoting *Robertson v.*

---

[8] For the sake of completeness, if this issue were not moot, the Court notes that it would find a genuine issue of material fact.  N.J.S.A. 2A:15-5.1 bars recovery where a plaintiff's negligence was greater than the combined negligence of those from whom recovery is sought.  Here, Hilton's allegations of Plaintiff's negligence—her consumption of an alcoholic beverage, completion of a distressing phone call, smoking near the Hotel entrance, and "oblivious[ness]" to her surroundings, Mot. at 13—are all plainly genuine issues of material facts best reserved for a fact-finder.

*Cousins Wholesale Produce, Inc.*, No. A-0515-08T2, 2010 N.J. Super. Unpub. LEXIS 1656, at *8 (App. Div. July 20, 2010)).

Hilton has met its burden of demonstrating that it had no actual or constructive knowledge that the wind could topple, or had toppled, *any* planter at the Hotel, let alone the one that fell on Plaintiff.  *See* Mot. at 10, Hosey Dep. 55:12-15 (no complaints made).  Indeed, Plaintiff testified that she smoked in the same location as the incident, when it was "still pretty bad out," without any issue, earlier that day.  Pl. Dep. 38-39.  There is likewise no indication that the planters were inherently dangerous, or that it was reasonably foreseeable that they would fall over by any means, wind or otherwise.

Plaintiff's opposition offers no evidence to the contrary.  Plaintiff argues that Hosey had "actual notice" of the Planter's "movement . . . a number of times during" his four months at the Hotel," as evidenced by his testimony that he had to periodically realign the planters, which were unsecured.  Opp'n at 14 (citing Hosey Dep. 36, 37).  Plaintiff also argues that constructive notice should be imputed to Hilton because Hosey was aware that it could be windy at the Hotel.  Opp'n at 14-15 (citing Hosey Dep. at 41:13-15 ("Q: Can the wind whip up in there?  A: Maybe a little bit.  It's a big area, though.")).  Thus, in Plaintiff's estimation, Hilton had actual or constructive notice that the unsecured planters "may pose a threat of injury to a patron who may be standing in the area of the planter when it was caused to move for whatever reason."  Opp'n at 15.

However, because Plaintiff has not alleged any predictable and repetitive condition—*e.g.*, a roof leak—Plaintiff must provide evidence that Hilton had notice of the *specific* mechanism of Plaintiff's injury: a planter likely to be blown over by wind, or at least by some other means.  *De Bonis v. Orange Quarry Co.*, 233 N.J. Super. 156, 158 (Super. Ct. App. Div. 1989) (affirming dismissal in the absence of evidence of "actual notice of the specific condition which caused

plaintiff's [motorcycle] accident prior to its occurrence": a large number of small stones near the intersection where the accident occurred). *Cf. Ruiz v. Toys "R" Us*, 269 N.J. Super. 607, 613-14 (App. Div. 1994) ("It was a misstatement of law to require actual or constructive notice of the specific water spot, as Toys 'R' Us was well aware that the roof leaked water onto the store's floor when it rained."); *Dignetti v. Weyerhaeuser Co.*, No. 03-5872, 2005 U.S. Dist. LEXIS 1906, at *9 (E.D. Pa. Feb. 9, 2005) (plaintiff need not prove that defendant had notice of the specific debris that caused plaintiff's injury where the accumulation of debris was a predictable and repetitive condition caused by passing trains). While the level of specificity need not be "draconian," nor can it be too general. *See Taylor v. United States*, 121 F.3d 86, 91 (2d Cir. 1997) (where a hydraulic door closer failed and caused heavy steel door to slam shut on plaintiff's finger, plaintiff had to prove only that the defendant had constructive notice that the door closer was defective, not the particular hydraulic fluid seal that failed). Here, the instrumentality of harm is a falling planter.

However, Plaintiff's evidence is confined to Hilton's knowledge of the planters' slight movement—and even then, without specifying which planter moved. *See Looney v. Macy's Inc.*, 588 F. Supp. 3d 328, 346 n.14 (E.D.N.Y. 2021) (evidence as to prior incidents of broken comb plates, or broken or missing comb plate teeth, does not amount to evidence of a specific broken comb plate or plates, or specific broken or missing comb plate teeth, existing at the time of Plaintiff's alleged accident**).** For example, Plaintiff cites testimony regarding Hosey's need to occasionally align/"straighten . . . out" the unsecured planters. Hosey Dep. 38:9-10.

Though Plaintiff may have established that the planters periodically shifted, there is no evidence that the movement—or anything else—presented any danger of falling, from wind or anything else. *See Piotrowski v. Menard, Inc.*, No. 13 C 5572, 2015 U.S. Dist. LEXIS 115175, at *16-17 (N.D. Ill. Aug. 31, 2015) (no constructive notice where the record lacks evidence of similar

8

injuries caused by the alleged dangerous condition (river rock that could be tripped over); *McKia-Coy v. Horseshoe Hammond, Ltd. Liab. Co.*, No. 08 C 1709, 2010 U.S. Dist. LEXIS 9189, at *10 (N.D. Ill. Feb. 2, 2010) (plaintiff "might have established" that defendant's employees "found spills near garbage cans," but did not establish "that the spills were in any way dangerous"); *Cashour v. Dover Parkade, LLC*, No. A-4241-11T2, 2013 N.J. Super. Unpub. LEXIS 352, at *16 (Super. Ct. App. Div. Feb. 15, 2013) (even if source of white liquid which caused plaintiff's fall were identified, plaintiff made no showing that spillage from trash can was likely to create a dangerous, foreseeable condition); *Gibson v. Hunsberger*, 109 N.C. App. 671, 675-76 (1993) (no constructive notice found where tree was leaning, but there was otherwise no reason to believe that it would fall onto the road and injury a driver); *Lewis v. Krussel*, 101 Wash. App. 178, 188 (2000) (general awareness that trees swayed in the wind and could hit a house and that other trees had fallen in the area in previous years did not put defendants on actual or constructive notice of a defect requiring removal of the trees that ultimately caused the harm). C*f. NationsBanc Fin. Servs. Corp.*, 248 Va. 445, 450 S.E.2d 158, 159-60 (Va. 1994) (finding danger foreseeable where partitions were stored in a bathroom despite defendant's branch manager's knowledge that they might "topple"); *Debusscher v. Sam's E., Inc.*, 505 F.3d 475, 480 (6th Cir. 2007) (finding that the use of the 55-gallon bucket of chemicals to secure a basketball goal "strongly suggests that [defendant] had actual or constructive notice that an unsecured basketball goal, and specifically the basketball goal in question, presented a risk of falling and potentially injuring" plaintiff).

Thus, the record lacks any genuine issue of material fact with respect to actual or constructive notice. *See Samuels v. Marriott Int'l, Inc.*, 86 F. App'x 453, 455 (2d Cir. 2004) (granting summary judgment to defendant where plaintiff offered no evidence that barricade allegedly knocked over by wind was dangerous); *Connors v. Wal-Mart Stores Inc.*, No. 17cv9390,

2020 U.S. Dist. LEXIS 96937, at *9 (D.N.J. June 3, 2020) (granting summary judgment dismissing complaint where store manager was unaware of any person falling over the subject sign or similar signs in eight years prior to accident); *Wilson v. Wal-Mart Stores E., LP*, 2018 U.S. Dist. LEXIS 159441, at *18-20 (S.D.N.Y. Sep. 18, 2018) ("[E]ven assuming it was one of [d]efendant's employees who failed to mount the sign to the floor, [p]laintiff has failed to create a genuine issue of material fact regarding whether [d]efendant knew or had reason to know that failure to attach the sign to the floor would create a dangerous hazard.").   Accordingly, summary judgment dismissing the Complaint is appropriate.

## IV.   CONCLUSION

For the reasons above, the Court will **GRANT** Hilton's summary judgment motion and **DISMISS** the Complaint.  An appropriate order accompanies this Opinion.

December 6, 2023

Evelyn Padin, U.S.D.J.